**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM B. SHEPHERD, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07-4968 (MLC) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| JOHN AMBROSINO, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

William B. Shepherd, Pro Se, Inmate No.: 71623
Mercer County Adult Correctional Center, New Brunswick, NJ

**COOPER, District Judge**

Plaintiff seeks to bring this action in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence and prison account statement, the Court will grant his application and order the Clerk of the Court to file the complaint. The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

**BACKGROUND**

The facts are taken from the complaint and assumed true. On October 27, 2005, Detective Ambrosino ("Ambrosino") filed a criminal complaint against Plaintiff charging him with: (1) attempted murder of the first degree; (2) aggravated assault of

the third degree; (3) burglary of the second degree; (4) unlawful possession of a weapon of the third degree; and (5) possession of a weapon for unlawful purpose. (Dkt. entry nos. 1-2, Compl. & Pl. Letter.)  A grand jury indicted Plaintiff on these counts. Following a jury trial, Plaintiff was acquitted of attempted murder and aggravated assault charges, but found guilty on the burglary charge. (Pl. Letter).[1]  He now alleges that Ambrosino maliciously instigated the prosecution against him.  Also, Plaintiff alleges that Ambrosino violated his civil rights by falsely testifying during his grand jury hearing about various issues related to the statement Plaintiff made on December 14, 2005, and the circumstances of Ambrosino's recovery of the weapon allegedly held by Plaintiff.  Finally, Plaintiff asserts that the North Brunswick Police Department violated his rights by failing to properly supervise Ambrosino and not punishing Ambrosino for this malicious prosecution.  Plaintiff seeks compensatory and punitive damages, and injunctive relief in the form of initiation of criminal charges against Ambrosino and termination of Ambrosino's employment as a police officer.

## DISCUSSION

**A.   Standard of Review**

A court must dismiss, at the earliest practicable time, a prisoner action that is frivolous or malicious, fails to state a

---

[1] Plaintiff does not clarify whether he was acquitted or convicted on his weapon-related charges.

claim, or seeks monetary relief from immune defendants.  See 28 U.S.C. § 1915A(b).  The Court must construe a complaint liberally in the plaintiff's favor when determining its sufficiency.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not lend credit to a plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   42 U.S.C. § 1983**

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that the challenged conduct (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Malicious Prosecution**

To prevail on malicious prosecution claims brought under § 1983 for violation of Fourth Amendment rights, a plaintiff must show: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4)

3

the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007); see Albright v. Oliver, 510 U.S. 266 (1994).

The complaint indicates that, if the allegations are true, Plaintiff might be able to state a valid claim for malicious prosecution as to the first four elements.  Probable cause on one charge does not foreclose a malicious prosecution cause of action against a defendant for having brought criminal charges involving different elements.  See Johnson, 477 F.3d at 83 (citing Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991)).[2]

But the complaint fails to state whether Plaintiff might be able to satisfy the fifth element of the claim.  Being required to post bail, restrictions on travel, and other types of onerous

---

[2] "[The law does not] insulate law enforcement officers from liability for malicious prosecution in all cases in which they had probable cause for the arrest of the plaintiff on any one charge.  [Finding otherwise] would allow law enforcement officers to tack on more serious, unfounded charges for which there was not probable cause either for the arrest or for the initiation of criminal proceedings merely because there was probable cause for the arrest on any charge.  This result seems unprincipled . . . as there is a distinction on the one hand between a simultaneous arrest on multiple charges where, in a sense the significance of the charges for which there was not probable cause for arrest is limited as the plaintiff in the ensuing civil action could have been lawfully arrested and thus seized on at least one charge and, on the other hand, prosecution for multiple charges where the additional charges for which probable cause is absent almost surely will place an additional burden on the defendant." Johnson, 477 F.3d at 84 (cites and quotes omitted).

non-custodial restrictions may satisfy the fifth element.  See Johnson, 477 F.3d at 85 n.14; Gallo v. City of Phila., 161 F.3d 217, 222 (3d Cir. 1998).  By contrast, "[m]erely being required to appear at trial, however, is not a sufficient deprivation of liberty to meet this requirement."  Wiltz v. Middlesex County Office, 2007 U.S. App. LEXIS 22470, at *9 (3d Cir. Sept. 19, 2007) (citing DiBella v. Bor. of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005) (finding no seizure significant enough to support malicious prosecution claim where plaintiffs "were never arrested; . . . never posted bail; . . . were free to travel;. . . and did not have to report to Pretrial Services")).  The complaint is silent as to whether he was (1) arrested, (2) incarcerated, or (3) required to post bond, maintain contact with Pretrial Services, refrain from traveling, or endure any other "post-indictment" deprivation of liberty as a result of the legal proceedings.  Thus, the Court will dismiss the claims against Ambrosino without prejudice.[3]

## CONCLUSION

Plaintiff's claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[4]

---

[3] The claims here against the North Brunswick Police Department appear to be based solely upon a theory of respondeat superior liability and will be dismissed without prejudice.

[4] Plaintiff cannot obtain the injunctive relief he is seeking.  Plaintiff, a private citizen, is without authority to prosecute criminal charges, see United States v. Jarvis, 560 F.2d

5

However, it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to address the deficiencies identified herein. Therefore, the Court will grant Plaintiff leave to file an amended complaint.[5] The Court will issue an appropriate order and judgment.

                                         s/ Mary L. Cooper  
                                         **MARY L. COOPER**  
                                         United States District Judge

Dated: November 29, 2007

---

494, 497 (2d Cir. 1977); Savage v. Arnold, 403 F.Supp. 172, 174 (E.D. Pa. 1975), and this Court is without authority to do so on Plaintiff's behalf, since

> [i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. See Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987). Accordingly, the district court [is obligated to] refus[e] fil[ing] criminal charges or . . . compel[ling] prosecution based on those charges.

Ellen v. Stamm, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19, 1991). Plaintiff also lacks standing to instigate an action for termination of Ambrosino's employment as a police officer.

    [5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.