UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **WILLIAM B. SHEPHERD,** | : | Civil Action No.: 07-4968(MLC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | O R D E R |
| **JOHN AMBROSINO et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter having come before the Court upon Application by *pro se* Plaintiff William Shepherd ("Plaintiff"), currently incarcerated at the East Jersey State Prison, located in Rahway, New Jersey, proceeding *in forma pauperis*, to appoint *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) [dkt. entry no. 16]; and Plaintiff stating that because he is incarcerated he is unable to provide additional discovery material and receive essential extrinsic evidence to present his case (Pl.'s Appl. at p.3); and Plaintiff also stating that he is unable to both conduct an investigation and afford an expert witness to testify on his behalf, *Id*.; and Plaintiff further stating that he is unfamiliar with civil law, practice and procedure and cannot afford to retain counsel to assist him, *Id*.; and the Court noting that *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993), articulates the criteria for the appointment of *pro bono* counsel; and *Tabron* providing that if the Court determines that the claim does have "arguable merit in fact and law," *id.* at 155, then additional factors should be considered including:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;
3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
4. The plaintiff's capacity to retain counsel on his or her own behalf;

> 5. The extent to which a case is likely to turn on credibility determinations; and
> 6. Whether the case will require testimony from expert witnesses.

*Id.* at 155-57; and the Court noting, pursuant to *Tabron*, that "district courts [have] broad discretion to request an attorney to represent an indigent civil litigant" *Id*. at 153; and for the purposes of this Application, the Court assuming that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim; and, specifically, Plaintiff alleging that his due process right to a fair trial was violated when Detective Ambrosino gave false testimony under oath before the Middlesex County Grand Jury on February 9, 2006 and withheld exculpatory evidence from the prosecutor. (*See* dkt. entry no. 1); and the Court finding that Plaintiff's case alleging a violation of his right to a fair trial is relatively straightforward, not factually complex and may be subject to disposition by dispositive motion; and the Court further finding that Plaintiff failed to demonstrate that extensive discovery is required; and the Court noting that Plaintiff will be able to obtain the necessary discovery through interrogatories and depositions; and the Court finding that based on Plaintiff's contentions, denial of *pro bono* counsel would not create the likelihood that Plaintiff would incur substantial prejudice or result in a violation of his due process rights; and the Court further finding that the concerns raised by Plaintiff do not rise to the "special circumstances" that would warrant the appointment of counsel discussed in *Tabron*, 6 F.3d at 155; and the Court planning to assess Plaintiff's continued ability to present his case; and the Court noting that should the need for counsel arise, it will appoint one *sua sponte*; and the Court having reviewed Plaintiff's Application; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown;

**IT IS** on the **10th** day of September, 2008,

**ORDERED** that Plaintiff's Application for *pro bono* counsel [dkt. entry no. 16] is **DENIED** without prejudice.


        s/ *John J. Hughes*
        **JOHN J. HUGHES**
        **UNITED STATES MAGISTRATE JUDGE**