UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **WILLIAM B. SHEPHERD,** | : | Civil Action No. 07-4968 (MLC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **ORDER DENYING APPLICATION FOR** |
| | : | **APPOINTMENT OF PRO BONO COUNSEL** |
| **JOHN AMBROSINO, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter having been opened to the Court upon application by *pro se* Plaintiff William B. Shepherd, seeking appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) [Docket Entry No. 26]; and Plaintiff, who is proceeding *in forma pauperis,* stating that he disagrees with the denial of his previous application for the appointment of *pro bono* counsel [Docket Entry No. 18]; and Plaintiff further arguing that (1) his case is complex, (2) extensive discovery is required, (3) he cannot meet Defendant's discovery deadlines without *pro bono* counsel, and (4) he needs assistance presenting, contacting, and paying for expert witnesses; and Defendant Ambrosino having opposed Plaintiff's application [Docket Entry No. 28], arguing that Plaintiff is not entitled to *pro bono* counsel under Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); and Defendant Ambrosino further arguing that Plaintiff filed a Complaint and an Amended Complaint, which demonstrates his ability to adequately represent himself, and that Plaintiff has made articulate, clear and understandable submissions to the Court; and Defendant Ambrosino further arguing that Plaintiff's lawsuit is not complex; and Plaintiff responding that "just because [he] know[s] his rights were violated and can explain it does not mean [he] explained [it] with

'proper legal jargon'" [Docket Entry No. 30]; and Plaintiff further arguing in his reply that factors from Tabron v. Grace are relevant to him; and the Court having fully reviewed and considered Plaintiff's application; and the Court finding that there is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); and the Court further finding that under Tabron, in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can retain and afford counsel on his or her own behalf, Parham, supra, 126 F.3d at 457-58 (citing Tabron, supra, 6 F.3d at 155-157, 157 n.5); and the Court further finding that other factors, such as "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation[,]" must also be considered when deciding an application for *pro bono* counsel, Christy v. Robinson, 216 F. Supp. 2d 398, 408 n.20 (D.N.J. 2002) (citing Tabron, 6 F.3d at 157) (internal citations omitted); and for the purposes of this application only, the Court assumes that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim; and the Court finding that at this point in time, Plaintiff has not demonstrated a need for appointment of *pro bono* counsel; and the Court noting that Plaintiff's prior submissions evidence his ability to pursue his claims *pro se* and investigate the factual issues of his claim; in fact, Plaintiff, without the aid of counsel, has submitted: (1) a Complaint

accompanied by an application to proceed *in forma pauperis* [Docket Entry No. 1]; (2) an Amended Complaint [Docket Entry No. 11]; (3) an Application for *Pro Bono* Counsel [Docket Entry No. 16]; and (4) the instant renewed Application for *Pro Bono* Counsel [Docket Entry No. 26], as well as numerous letters to this Court; and the Court further finding that there has been no material change in Plaintiff's circumstances from his previous Application for *Pro Bono* Counsel [Docket Entry No. 16]; and the Court further finding that this case is not complex as it alleges false arrest and malicious prosecution; and the Court further finding that Plaintiff has the ability under the Federal Rules of Civil Procedure to conduct a factual investigation of his case; and the Court further noting that Plaintiff has already successfully sought an extension of certain discovery deadlines [Docket Entry No. 32], which should dispel concern that he cannot meet discovery deadlines in this case without the assistance of *pro bono* counsel; and the Court further finding that Plaintiff has not shown that this case will involve credibility determinations; and the Court further finding that Plaintiff has not shown that expert testimony is required in this case; and the Court further finding that indigence alone does not support the appointment of counsel; and the Court having also considered the lack of funding to pay appointed counsel, the increasing number of prisoner federal civil rights actions filed, and the limited supply of competent lawyers willing to do *pro bono* work, see Christy, supra, F. Supp. 2d at 408 n.20 (citing Tabron, supra, 6 F.3d at 157); and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and for good cause shown,

**IT IS** on this **7th** day of **August, 2009**,

**ORDERED** that Plaintiff's application for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.

/s/ Lois H. Goodman
**LOIS H. GOODMAN**
**United States Magistrate Judge**