**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM B. SHEPHERD, | : CIVIL ACTION NO. 07-4968 (MLC) |
| Plaintiff, | : **MEMORANDUM OPINION** |
| v. | : |
| JOHN AMBROSINO, et al., | : |
| Defendants. | : |

**COOPER, District Judge**

The plaintiff, William Shepherd ("Shepherd"), who is currently confined in a New Jersey state prison, brought this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915.  (Dkt. entry no. 1, Compl.)  Shepherd's original complaint, filed on October 12, 2007, was dismissed without prejudice for failure to state a claim upon which relief may be granted, and Shepherd was granted leave to amend his pleading.  (Dkt. entry no. 3, 11-29-07 Op.; dkt. entry no. 4, 11-29-07 Order & J.)  Shepherd filed an Amended Complaint against the defendants, North Brunswick Police Department and John Ambrosino ("Ambrosino"), on May 29, 2008.  (Dkt. entry no. 11, Am. Compl.)  Shepherd asserted several causes of action against both defendants, all of which stemmed from charges involving an October 27, 2005 incident, and his arrest on December 13, 2005,

for those charges.  Only claims against Ambrosino for false arrest and malicious prosecution remain.[1]

Ambrosino moves for summary judgment in his favor on both claims.  (Dkt. entry no. 48, Mot. for Summ. J.)  Shepherd opposes the motion and cross-moves for further discovery pursuant to Federal Rule of Civil Procedure ("Rule") 56(f).  (Dkt. entry no. 50, Pl. Br.; Cross-Mot.)  The Court determines the motion and cross motion on the briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will grant the motion for summary judgment and deny the cross motion for further discovery as moot.

## BACKGROUND

Following the burglary of their home at approximately 3:00 AM on October 27, 2005, Carla May ("May") and Lashon Boskett identified Shepherd as the perpetrator.  (Dkt. entry no. 48, Def. Statement of Undisputed Facts ("Stmt. of Facts") at ¶ 13; Certification of William T. Connell ("Connell Cert."), Ex. H, Incident Report.)  Although she had not seen him during the commission of the burglary, May received a phone call from Shepherd immediately after the perpetrator fled the scene, during

---

[1] Shepherd's claims against the North Brunswick Police Department, along with his claim against Ambrosino based upon alleged false testimony before the Grand Jury, were dismissed with prejudice for failure to state a claim upon which relief may be granted by way of Order dated August 13, 2008.  (Dkt. entry no. 15, 8-18-08 Order.)

2

which he was audibly out of breath. (Stmt. of Facts at ¶ 29; Connell Cert., Ex. M, Statement of Carla May ("May Stmt.") at 4.) Shepherd was hostile toward May during the phone conversation, indicating that he was the person who was just inside her home, and threatening to take further action against her. (Id.) When the police arrived on the scene, May called Shepherd back and conversed with him on speaker phone. (May Stmt. at 4.) Shepherd again threatened May and alluded to his involvement in the incident. (Id.) The officers on the scene were able to hear Shepherd throughout the duration of the phone call. (Stmt. of Facts at ¶ 14; Incident Report.) May received several subsequent phone calls from the residence of Shepherd's cousin, Lachelle Powell ("Powell"), as reflected by the caller identification. (Stmt. of Facts at ¶ 30.) Although May did not answer these phone calls, she and the officers believed that Shepherd had sought refuge at Powell's home, and that he was attempting to contact May from Powell's phone number. (Id. at ¶¶ 30-31.)[2] Immediately following the incident, Ambrosino, a detective for

---

[2] Shepherd contends that whether phone calls were actually received from Powell's residence has not been verified and is in question. (Pl. Br. at 5.) However, Powell confirmed in her statement that she made several attempts to contact May on the night of the incident. (Connell Cert., Ex. N, Statement of Lachelle Powell ("Powell Stmt.") at 3.) Although Powell later clarified it was she who had been making these calls to May, at the time the Warrant Complaints were prepared and approved, the officers had reason to believe that Shepherd had made the calls from Powell's residence.

the North Brunswick Police Department, took a statement from May in which she expressed her surety that Shepherd had committed the burglary.  (Stmt. of Facts at ¶¶ 23, 29; May Stmt.)  May also informed the officers that the perpetrator had discharged a gun during the commission of the burglary, and a .380 semi-automatic spent shell casing was located during the investigation of May's residence.  (May Stmt. at 3; Stmt. of Facts at ¶ 10; Incident Report.)

Based on the investigation, Ambrosino prepared warrant complaints ("Warrant Complaints") and charged Shepherd for the incident.  (Stmt. of Facts at ¶¶ 31-32; Connell Cert., Ex. W, Warrant Complaints.)  A municipal court judge approved the Warrant Complaints and signed a search warrant ("Search Warrant") for Powell's residence.  (Stmt. of Facts at ¶¶ 32, 34; Warrant Complaints; Connell Cert., Ex. Q, Search Warrant.)[3]  On October 27, 2005, Ambrosino, along with other detectives, executed the

---

[3] Shepherd contends that the Warrant Complaints "were invalid and improperly filed in violation of the NJ Court Rules" because they do not bear the "signature of a judicial officer." (Pl. Br. at 3.)  However, the Search Warrant, which was signed by the municipal court judge that same morning, enumerates the crimes with which Shepherd had been charged on the Warrant Complaints. (Search Warrant.)  The judge signed the Search Warrant upon receipt of Ambrosino's affidavit, which detailed the information thus far known with respect to the incident. (Connell Cert., Ex. R, Search Warrant Approval Form.)  The judge's signature on the Search Warrant validates Ambrosino's determination of probable cause, and provides the "neutral and detached" probable cause determination that the Fourth Amendment requires.  Johnson v. United States, 333 U.S. 10, 13-14 (1948).

4

Search Warrant and entered Powell's residence with her consent. (Stmt. of Facts at ¶¶ 36, 38.)  The detectives received a statement from Powell in which she disclosed that Shepherd had called her at approximately 3:00 AM on the night in question and told her of the incident.  (Id. at ¶ 40; Powell Stmt. at 2.) This exchange prompted Powell to call May several times in hopes of ensuring that no one had been hurt.  (Powell Stmt. at 3.) Powell further informed the detectives that Shepherd had recently spent the night at her residence and directed them to his belongings.  (Stmt. of Facts at ¶ 39.)  The detectives discovered among Shepherd's belongings two .38 special bullets.  (Id.)

Shepherd was arrested on December 13, 2005.  (Id. at ¶ 50.) Shepherd was later indicted by a Grand Jury on charges related to the October 27, 2005 incident, and ultimately convicted of burglary by a jury.  (Id. at ¶¶ 71, 82; Connell Cert. at Ex. DD, Indictment No. 06-02-00252, Ex. EE, Indictment No. 06-00260, and Ex. JJ, J. of Conviction.)[4]  Even though Shepherd did not appeal

---

[4] Shepherd was indicted by a Grand Jury on charges of attempted murder, aggravated assault with a deadly weapon, burglary, unlawful possession of a weapon, possession of a weapon for an unlawful purpose and being a certain person not permitted to possess a weapon. (Id.)  Following a jury trial, Shepherd was acquitted of attempted murder and aggravated assault but convicted of burglary.  (Stmt. of Facts at ¶ 82; J. of Conviction.) The jury was hung on the lesser included offense of aggravated assault, unlawful possession of a weapon and possession of a weapon for an unlawful purpose.  (Id.)  After re-trial on those charges, Shepherd was ultimately acquitted of those charges.  (Stmt. of Facts at ¶ 84.)

from his conviction or in any way challenge Ambrosino's determination of probable cause during his trial, Shepherd now maintains that Ambrosino did not have probable cause to arrest him and that Ambrosino instituted the charges against him maliciously.  (Am. Compl. at 6.)[5]

## DISCUSSION

### I. Applicable Legal Standards

#### A. Summary Judgment

The standard for a motion for summary judgment is well-settled and will be briefly summarized here.  Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  In making this determination, the Court must "view[] the record in the light most favorable to the non-moving party and draw[] all inferences in that party's favor."  United States ex rel. Josenske v. Carlisle HMA, Inc., 554 F.3d 88, 94 (3d Cir. 2009)

---

[5] Shepherd claims that he has filed an appeal from his criminal conviction and provides a letter dated April 21, 2010 from William Sweeney, Esq., the attorney who is allegedly representing him on appeal.  (Pl. Br. at 6 and Ex. J, 4-21-10 Letter.)  However, Shepherd has not presented the Court with any supporting court documents, and the letter alone is insufficient to show that Shepherd has in fact filed an appeal.  Further, the Appellate Division has advised that an appeal is not currently pending.

(citing Abramson v. William Patterson Coll., 260 F.3d 265, 276 (3d Cir. 2001)).

There is, however, an exception to the usual summary judgment standard. In accordance with Heck v. Humphrey, "the Court will not draw inferences in [Shepherd]'s favor that would necessarily negate" his underlying criminal conviction. Ference v. Twp. of Hamilton, 538 F.Supp.2d 785, 789 (D.N.J. 2008) (citing Heck v. Humphrey, 512 U.S. 477 (1994)); see also Henning v. Twp. of Blairstown, No. 08-3735, 2010 U.S. Dist. LEXIS 52754, at *8 (D.N.J. May 28, 2010). "The Court will draw inferences in [Shepherd]'s favor only insofar as they do not undermine the basis of the municipal court's findings." Ference, 538 F.Supp.2d at 789.

### B.   42 U.S.C. § 1983

Shepherd brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Ambrosino, acting in his official capacity, violated his Fourth Amendment rights by falsely arresting and maliciously prosecuting him. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 394 (1989) (internal quotations omitted). To state a claim under Section 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged

7

deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F. 3d 1250, 1255-56 (3d Cir. 1994).

Heck holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a Section 1983 plaintiff must prove that the conviction" has been invalidated. 512 U.S. at 486-87; see also Garrison v. Porch, No. 08-2453, 2010 U.S.App. LEXIS 7887, at *3 (3d Cir. Apr. 16, 2010) ("A claim for damages under Section 1983 will . . . be barred under Heck when the claim, if successful, necessarily invalidates the prior conviction.").  If the underlying conviction "has not been so invalidated[,] [it] is not cognizable under Section 1983." Wallace v. Kato, 549 U.S. 384, 392 (2007) (quoting Heck, 512 U.S. at 486-87).  Where a prisoner's Section 1983 claim calls into question the validity of an existing criminal conviction, the action is properly dismissed and "the cause of action is deferred until the conviction is overturned."  Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451 (3d Cir. 2005) (citing Heck, 512 U.S. at 487 n.7).[6]

---

[6] The Third Circuit Court of Appeals recently stated in Dique v. N.J. State Police that Wallace v. Kato clarified that a claim for damages attributable to an unconstitutional conviction or sentence accrues when the alleged wrongful conduct occurs, and that Heck does not bar "an action which would impugn an anticipated future conviction [from being] brought until that conviction occurs and is set aside."  603 F.3d 181, 187 (3d Cir. 2010); 549 U.S. at 393 (emphasis in original).  Thus, the plaintiff may file a Section 1983 claim at the time of the

## II.   Legal Standards Applied Here

### A.   False Arrest Claim

Shepherd alleges that Ambrosino arrested him on December 13, 2005, without probable cause, and thus in violation of the Fourth Amendment.  A Section 1983 claim for false arrest is premised upon the Fourth Amendment right to be free from unreasonable seizures.  <u>Albright v. Oliver</u>, 510 U.S. 266, 274 (1994).  "An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983."  <u>O'Connor v. City of Phila.</u>, 233 Fed.Appx. 161, 164 (3d Cir. 2007); <u>see also</u> <u>Dowling v. City of Phila.</u>, 855 F.2d 136, 141 (3d Cir. 1988).

To state a claim for false arrest, a plaintiff must allege that (1) there was an arrest, and (2) the arrest was made without probable cause.  <u>Id.</u> at 141.  Thus, a defense to an unlawful arrest claim is that the police officer defendant acted with probable cause.  <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997) (key element of Section 1983 unlawful arrest claim is that police officer arrested plaintiff without probable cause).

---

alleged wrongful conduct, and the presiding District Court may exercise its power to stay the action until the criminal case has ended.  <u>Id.</u>  Then, if the plaintiff is ultimately convicted in the criminal trial and the stayed civil trial would impugn the conviction, the complaint in the Section 1983 suit must be dismissed pursuant to <u>Heck</u>.  <u>Id.</u> at 393-94.  Here, there is no issue regarding the time of accrual, and Shepherd's existing burglary conviction triggers the <u>Heck</u> bar.  (Stmt. of Facts at ¶ 82; J. of Conviction.)

"Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (3d Cir. 1997); see also Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000) (stating that probable cause to arrest "exists if there is a fair probability that the person committed the crime at issue.").

A police officer may be liable for civil damages for an arrest only if "'no reasonably competent officer' would conclude that probable cause exists." Id. at 789-90 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986) (emphasis added)). The totality of the circumstances surrounding the incident, including Shepherd's phone call to May immediately following the burglary, the several phone calls received from Powell's residence shortly thereafter, and the statements given by May, Powell and Boskett regarding Shepherd and the incident, supports Ambrosino's determination that probable cause existed to charge and arrest Shepherd for burglary.

Ambrosino presented such information to the municipal court judge in the Warrant Complaints and his affidavit for the Search

10

Warrant. (Warrant Complaints; Search Warrant Approval Form.) The judge's approval of the Warrant Complaints and Search Warrant validates Ambrosino's determination of probable cause. "One of the reasons for requiring a neutral [judge] to evaluate probable cause is that an uninterested party is presumably better suited to review and evaluate the facts than an officer pursuing a lead." Wilson, 212 F.3d at 787; see also Johnson, 333 U.S. at 13-14 (stating that "[t]he point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence," but rather that "its protection consists of requiring that those inferences be drawn by a neutral and detached [judge] instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."). It follows that in order to establish a prima facie case of false arrest, a Section 1983 plaintiff must prove, by a preponderance of the evidence, that the detective "'knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant' and 'such statements or omissions are material, or necessary, to the finding of probable cause.'" Lincoln v. Hanshaw, No. 09-2683, 2010 U.S.App. LEXIS 5951, at *9 (3d Cir. 2010) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)); see also Wilson, 212 F.3d at 786 (stating that in order to establish a prima facie case of false arrest, where

that arrest was warranted, the plaintiff must demonstrate "that defendants recklessly disregarded the truth in their warrant application and that a warrant application based on what defendants should have told the judge would have lacked probable cause."). Shepherd has failed to satisfy this burden. Absent such a showing, "the warrant applications establish probable cause on their face." Lincoln, No. 09-2683, 2010 U.S.App. LEXIS 5951, at *8.

The Grand Jury's indictment of Shepherd, and his subsequent burglary conviction by a jury, further establish the reasonableness of Ambrosino's belief that Shepherd was involved in the October 27, 2005 burglary, thus providing probable cause for Shepherd's arrest on December 13, 2005. (Indictment; J. of Conviction.) See Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 363 (3d Cir. 2003) (stating that a defendant can demonstrate prima facie evidence of probable cause through the existence of a Grand Jury indictment).[7]

---

[7] Shepherd again attempts to assert that Ambrosino gave false testimony before the Grand Jury, "tainting the validity of the [i]ndictment altogether." (Pl. Br. at 6.) However, as stated supra, the Court dismissed with prejudice Shepherd's claim against Ambrosino regarding any alleged false testimony before the Grand Jury on the ground of absolute immunity. (8-18-08 Order.) See Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983) (stating that a witness enjoys absolute immunity from damages under Section 1983 for false testimony before a Grand Jury). Nevertheless, Shepherd's burglary conviction also establishes that there was probable cause to arrest Shepherd on the charges stemming from the October 27, 2005 incident. (J. of Conviction.)

"[W]here [the] plaintiff was convicted of the very offenses which precipitated the arrest, probable cause is established by virtue of the conviction on those offenses." Henning, No. 08-3735, 2010 U.S. Dist. LEXIS 52754, at *14 (finding that the plaintiff's conviction for obstruction of the administration of the law and criminal trespass established that there had been probable cause for her arrest for those very actions); see also Shelley v. Wilson, 339 Fed.Appx. 136, 139 (3d Cir. 2009) (holding that where the plaintiff has been convicted of some of the actions for which he was charged and arrested, "[t]he jury's finding that [the plaintiff] committed . . . these offenses beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him."); McClain v. Barry, 697 F.2d 366, 370 (D.C. Cir. 1983) (stating that "subsequent conviction establishes as a matter of law that the arrest was justified.").

It is immaterial that Shepherd was convicted only of burglary and was acquitted of other charges related to the October 27, 2005 incident. Although he was indicted by a Grand Jury on all charges, which serves as evidence of probable cause to arrest and prosecute Shepherd for all such charges, "there need not have been probable cause supporting charges for every offense for which an officer arrested a plaintiff . . . to defeat a claim of false arrest." Lopez v. CSX Transp. Inc., No. 06-1802, 2007 U.S. Dist. LEXIS 55262, at *13 (D.N.J. July 31, 2007)

(quoting Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007) (emphasis added)). Therefore, probable cause to arrest for the burglary alone would have been sufficient to preclude Shepherd's false arrest claim.

While the Court finds that Shepherd has raised no genuine issue of material fact as to whether Ambrosino had probable cause to arrest Shepherd, which is in itself fatal to the false arrest claim, Heck independently requires judgment in favor of Ambrosino on this Section 1983 claim because a decision in Shepherd's favor would, in effect, render his existing, unquestioned conviction invalid. See Woodham v. Dubas, 256 Fed.Appx. 571, 576 (3d Cir. 2007) (stating that a false arrest claim is barred by Heck where it would "compromise the validity" of an existing conviction); see also Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005) ("Under Heck, a Section 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings.").

    **B.   Malicious Prosecution Claim**

Shepherd further alleges a claim of malicious prosecution against Ambrosino. Section 1983 recognizes claims for malicious prosecution if the plaintiff can demonstrate that (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an

14

absence of probable cause for the proceeding, (4) the criminal proceeding was terminated favorably to the plaintiff, and (5) the plaintiff suffered deprivations of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson, 477 F.3d at 81-82.  "Failure to prove any one of these . . . elements denies the plaintiff a cause of action for malicious prosecution."  Wiltz v. Middlesex County Office of the Prosecutor, No. 05-3915, 2006 U.S. Dist. LEXIS 46821, at *9 (D.N.J. July 10, 2006); see also Kossler v. Crisanti, 564 F.3d 181, 193 (3d Cir. 2009) ("The favorable termination element and the probable cause element are . . . requirements that a malicious prosecution plaintiff must satisfy to prevail.").

Shepherd's malicious prosecution claim must fail as "one element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."  Heck, 512 U.S. at 484 (emphasis added).  This prevents "parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same incident or transaction."  Id.  Essentially, "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would

15

permit a collateral attack on the conviction through the vehicle of a civil suit." Id. Shepherd's burglary conviction precludes him from satisfying the favorable termination element.

"[D]istrict courts need not reach the probable cause element unless they first make a finding of favorable termination. . . . Only if the favorable termination element is satisfied . . . must a district court engage in an analysis of the probable cause element." Kossler, 564 F.3d at 194. Although the Court need not address the issue of probable cause as it has already found that the favorable termination element has not been satisfied, we nevertheless reiterate that Ambrosino had probable cause to arrest and prosecute Shepherd. See Leone v. Twp. of Deptford, 616 F.Supp.2d 527, 533 (D.N.J. 2009) ("In Section 1983 actions, a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute." (citing Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989)(internal quotations omitted))).[8]

---

[8] It is again of no consequence that Shepherd was convicted only of burglary and was acquitted of other charges asserted against him with respect to the October 27, 2005 incident. Shepherd's burglary conviction, which validates Ambrosino's probable cause determination, dictates that Ambrosino is entitled to summary judgment on Shepherd's malicious prosecution claim as a matter of law. See Wright v. City of Phila., 409 F.3d 595, 604 (3d Cir. 2005) (stating that the existence of probable cause for arrest, even when based on the existence of probable cause for only one of the charges, precludes a plaintiff from proceeding with a malicious prosecution claim on any of the charges brought against him); see also Kossler, 564 F.3d at 188 (finding that "acquittal on at least one criminal charge [does not] constitute[] 'favorable termination' for the purpose of a subsequent malicious prosecution claim[] when the charge arose

Because it is undisputed that Shepherd's burglary conviction has not been reversed, expunged or invalidated, and no genuine issue of material fact exists as to whether Ambrosino had probable cause to charge Shepherd on October 27, 2005, Ambrosino is entitled to summary judgment on Shepherd's malicious prosecution claim.  See Camiolo, 334 F.2d at 363 (affirming the conclusion that a malicious prosecution claim cannot survive summary judgment where the plaintiff has failed to demonstrate that he was prosecuted without probable cause).[9]

### C. Qualified Immunity

Ambrosino asserts that he is entitled to qualified immunity. (Def. Br. at 9.)  "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Pearson v. Callahan, 129 S.Ct. 808, 815 (2009) (citation omitted).  As the Court has found there to be no constitutional violation, Ambrosino is entitled to qualified immunity for his

---

out of the same act for which the plaintiff was convicted on a different charge during the same criminal prosecution.").

[9] Shepherd would also have to prove "that [Ambrosino] recklessly disregarded the truth in [his] warrant application and that a warrant application based on what [Ambrosino] should have told the judge would have lacked probable cause" to prevail on his malicious prosecution claim.  Lincoln, No. 09-2683, 2010 U.S.App. LEXIS 5951, at *8.  As stated supra, Shepherd has failed to demonstrate such reckless disregard on the part of Ambrosino.

actions as they relate to Shepherd and the October 27, 2005 incident.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment will be granted and the cross motion for further discovery will be denied as moot. The Court will issue an appropriate order and judgment.

                                                 s/Mary L. Cooper  
                                                 **MARY L. COOPER**  
                                                 United States District Judge

Dated:    July 15, 2010